**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**F. Dennis ALERDING, Respondent.**

**No. 95–SC–1049–KB.**

Supreme Court of Kentucky.

Sept. 26, 1996.

As Corrected Sept. 27, 1996.

### *ORDER*

This cause came before the Court for review wherein the Board of Governors of the Kentucky Bar Association adjudged the Respondent, F. Dennis Alerding, guilty of professional misconduct or dishonesty/misrepresentation by affixing a false notary certificate to a document, being in violation of SCR 3.130–8.3(c). As punishment, a majority of the Board of Governors voted for a public reprimand.

Respondent represented Robert Skinner in criminal proceedings before the Campbell District Court. Mr. Skinner was released from custody on April 29, 1993 after his wife, Dana Skinner, acting as his surety, posted a cash bond in the amount of $2,000.00. Respondent asserts that he agreed to accept an assignment of the bond as a fee, or a portion of his fee.

The notary's certificate affixed to the bond assignment document recites that the surety, Dana Skinner, subscribed and swore to the assignment in Respondent's presence on May 13, 1993. The expiration date of the notary's certificate indicates that the commission had expired in 1987.

Respondent admits that he did not observe Dana Skinner or anyone else sign the document, however Respondent states Robert Skinner presented him the bond assignment representing it had been signed by Dana Skinner. Dana Skinner denies that the signature is hers. Respondent also admits that his notary commission had expired and that he was not a duly commissioned Notary Public at the time he executed the false notary's certificate.

Upon review of the charge and answer, the Chair of the Inquiry Tribunal deemed the charge admitted, and determined that no evidentiary hearing before a Trial Commissioner was needed. Pursuant to SCR 3.210, this matter was presented to the Board of Governors accompanied by a brief filed by the Kentucky Bar Association. No brief was filed on behalf of Respondent although earlier he had responded by letter. The Board determined that Respondent had engaged in professional misconduct involving fraud, deceit and misrepresentation and recommended that he be publicly reprimanded.

Having reviewed the Board's decision and considered the entire record, it is, therefore, the decision of this Court to adopt the Board's recommendation, pursuant to SCR 3.380. The respondent is hereby publicly reprimanded and ordered to pay the costs of this action in the amount of $135.32, pursuant to SCR 3.450.

STEPHENS, C.J., BAKER, GRAVES, LAMBERT, and STUMBO, JJ., concur.

KING, J., would impose a 30–day suspension.

WINTERSHEIMER, J., not sitting.

ENTERED: September 26, 1996.

/s/ Robert F. Stephens
CHIEF JUSTICE