CLEVELAND BAR ASSOCIATION *v.* RUSSELL.

[Cite as *Cleveland Bar Assn. v. Russell,*
114 Ohio St.3d 171, 2007-Ohio-3603.]

(No. 2007-0318—Submitted April 17, 2007—Decided July 18, 2007.)

**Per Curiam.**

{¶ 1} Respondent, James Frederick Russell of Cleveland, Ohio, Attorney Registration No. 0041193, was admitted to the practice of law in Ohio in 1966.

{¶ 2} The Board of Commissioners on Grievances and Discipline recommends that we publicly reprimand respondent based on findings that he violated DR 1–102(A)(4) (prohibiting a lawyer from engaging in conduct involving fraud, deceit, dishonesty, or misrepresentation) by notarizing the grantors' signatures on two deeds without having actually witnessed the signatures. On review, we find that respondent committed this violation of the Code of Professional Responsibility and hold that a public reprimand is appropriate.

{¶ 3} Relator, Cleveland Bar Association, and respondent initially submitted a consent-to-discipline agreement in which respondent admitted the DR 1–102(A)(4) violation, and they jointly recommended a public reprimand. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). We rejected the board's certified report accepting the agreement and recommending a public reprimand and remanded the cause to the board for further proceedings to ensure that the recommended sanction was consistent with precedent. See *Cleveland Bar Assn. v. Russell,* 110 Ohio St.3d 1429, 2006-Ohio-

3902, 852 N.E.2d 180. A three-member panel of the board thereafter heard the cause, found the DR 1–102(A)(4) violation, and recommended a public reprimand. The board adopted this finding and recommendation.

## Misconduct

{¶ 4} During most of his long career, respondent has practiced law on his own in a small neighborhood office with his wife as his secretary. Much of his practice has involved commercial collection work.

{¶ 5} Justine Balnozan worked for a Cleveland collection agency for which respondent provided those services, and through their frequent association, respondent came to know Balnozan fairly well. In July 2001, Balnozan asked respondent to transfer title to two properties that she and her husband owned— the couple's residence and a rental property. The couple was having financial difficulty at the time and had been threatened with foreclosure on the two properties. Balnozan's in-laws had offered to provide financial assistance, and in exchange for their help, Balnozan and her husband had agreed to give the in-laws title to the two properties.

{¶ 6} Respondent prepared the deeds, which Balnozan and her husband executed, and then recorded them. Approximately six months later, Balnozan told respondent that her in-laws wanted to reverse the transaction, and she asked respondent to prepare deeds transferring the properties back to her and her husband. Respondent prepared the deeds and gave them to Balnozan, instructing her to obtain her in-laws' notarized signatures as grantors and to return the deeds for recording.

{¶ 7} Balnozan returned the deeds, purportedly signed by her in-laws, but without the required notarizations. Balnozan told respondent that her in-laws were ill and physically unable to appear before a notary, and she asked him to perform the notary functions. Because he appreciated Balnozan's employer's business and trusted Balnozan, respondent invalidly notarized the signatures on the deeds transferring the residence and rental property back to Balnozan and her husband.

{¶ 8} Respondent freely admitted that he exercised poor professional judgment by acting as notary for the second set of Balnozan deeds. So when Balnozan's mother-in-law disputed the validity of her and her husband's signatures on those deeds and her lawyers contacted respondent about resolving the dispute, respondent attempted to discuss the situation with Balnozan. Balnozan never responded to his inquiries. Eventually, the mother-in-law apparently retrieved title to the pertinent properties from her son and Balnozan, but she had to legally intervene in their divorce proceeding and incur legal expense to do so.

{¶ 9} Respondent admitted having falsely attested to the authenticity of two deeds in violation of the notary jurat. We therefore find respondent in violation of DR 1–102(A)(4).

## Sanction

{¶ 10} In *Columbus Bar Assn. v. Dougherty,* 105 Ohio St.3d 307, 2005-Ohio-1825, 825 N.E.2d 1094, we publicly reprimanded a lawyer for notarizing a liquor license application without witnessing the applicant signing the document, and the signature turned out to be a forgery. We chastised the lawyer for ignoring the duties of a notary public to ensure the authenticity of official documents and found the lawyer in violation of DR 1–102(A)(4). The lawyer did not, however, forge the signature or know of the forgery, nor had the lawyer engaged in a deceitful course of conduct beyond failing to witness signatures as required. For that reason and because the lawyer had no prior disciplinary record, had showed contrition, had cooperated in the disciplinary process, and had established good character and reputation apart from the wrongdoing, we did not order the actual suspension usually warranted for a lawyer's dishonesty under *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237, syllabus. Id. at ¶ 15.

{¶ 11} Respondent committed the same infraction as did the lawyer in *Dougherty*. Moreover, as established at the panel hearing, respondent's case presents the same mitigating factors that the *Dougherty* case presented, as well as additional ones. Respondent has no prior disciplinary record in his 40-plus year career, BCGD Proc.Reg. 10(B)(2)(a), and he assured the panel that he would not engage in misconduct again. In addition to charging Balnozan nothing for his services, respondent voluntarily paid the legal expenses incurred by her in-laws to regain title to the two properties, and he has been cooperative and contrite throughout the disciplinary process. BCGD Proc.Reg. 10(B)(2)(c) and (d). Respondent has further established his good character and reputation apart from this single lapse of judgment. BCGD Proc.Reg. 10(B)(2)(e).

{¶ 12} We therefore accept the recommended sanction. Respondent is hereby publicly reprimanded for violating DR 1–102(A)(4). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

———————

Willacy, LoPresti & Marcovy, Timothy A. Marcovy, and Thomas P. Marotta, for relator.

174

Gold & Pyle, L.P.A., and Gerald S. Gold, for respondent.