CINCINNATI BAR ASSOCIATION *v.* GOTTESMAN.

[Cite as *Cincinnati Bar Assn. v. Gottesman,* 115 Ohio St.3d 222, 2007-Ohio-4791.]

(No. 2007–1057—Submitted July 10, 2007—Decided September 20, 2007.)

**Per Curiam.**

{¶ 1} Respondent, Zachary Gottesman of Cincinnati, Ohio, Attorney Registration No. 0058675, was admitted to the practice of law in Ohio in 1992. The Board of Commissioners on Grievances and Discipline has recommended that we publicly reprimand respondent, based on findings that he violated DR 1–102(A)(4) (prohibiting a lawyer from engaging in conduct involving fraud, deceit, dishonesty, or misrepresentation) by notarizing the signature on a power of attorney without actually witnessing the signature. On review, we find that respondent committed this violation of the Code of Professional Responsibility and agree that a public reprimand is appropriate.

{¶ 2} Relator, Cincinnati Bar Association, charged respondent with the cited misconduct. Thereafter, the parties submitted a consent-to-discipline agreement, and they jointly recommended a public reprimand. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). A panel of three board members accepted the agreement, found the stipulated DR 1–102(A)(4) violation, and recommended the proposed public reprimand. The board adopted the findings of misconduct and recommended sanction.

## Misconduct

{¶ 3} On March 14, 2006, attorney William I. Farrell went to respondent's law office without his wife and asked respondent to notarize a power of attorney that Farrell's wife had purportedly signed. Trusting that the signature was genuine, respondent notarized the power of attorney, swearing in the jurat that he had witnessed the wife's signature. In fact, Farrell's wife had not signed the power of attorney. Farrell subsequently used the power of attorney to obtain a line of credit, secured by the Farrells' residence, for $75,000.

{¶ 4} By compromising his duties as a notary public, respondent violated DR 1–102(A)(4).

## Sanction

{¶ 5} In *Columbus Bar Assn. v. Dougherty*, 105 Ohio St.3d 307, 2005-Ohio-1825, 825 N.E.2d 1094, we publicly reprimanded a lawyer for notarizing a liquor-license application without witnessing the applicant's signing of the document, and the signature turned out to be a forgery. We criticized the lawyer for ignoring the duties of a notary public to ensure the authenticity of official

documents and found the lawyer in violation of DR 1–102(A)(4). The lawyer did not, however, forge the signature or know of the forgery, nor had the lawyer engaged in a deceitful course of conduct beyond failing to witness signatures as required. For that reason and because the lawyer had no prior disciplinary record and had cooperated in the disciplinary process, among other mitigating factors, we did not order the actual suspension usually warranted for a lawyer's dishonesty under *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237, syllabus. *Dougherty* at ¶ 15. Accord *Cleveland Bar Assn. v. Russell,* 114 Ohio St.3d 171, 2007-Ohio-3603, 870 N.E.2d 1164, ¶ 10.

{¶ 6} Respondent committed the same infraction as did the lawyer in *Dougherty.* Moreover, he has no prior disciplinary record, he did not commit this misconduct for his own benefit, and he cooperated in the disciplinary process. BCGD Proc.Reg. 10(B)(2)(a), (b), and (d). A public reprimand is therefore appropriate.

{¶ 7} Respondent is therefore publicly reprimanded for having violated DR 1–102(A)(4). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———

Ernest F. McAdams Jr. and Kevin P. Roberts, for relator.

George D. Jonson, for respondent.