KENTUCKY BAR ASSOCIATION,
Movant

v.

Zachary GOTTESMAN, Respondent.

No. 2007–SC–000880–KB.

Supreme Court of Kentucky.

Jan. 24, 2008.

### OPINION AND ORDER

The Kentucky Bar Association (KBA) has moved this Court for an Order directing Zachary Gottesman, whose KBA member number is 86288, to show cause why he should not be subject to reciprocal discipline after being publicly reprimanded by the Supreme Court of Ohio. The KBA further requested that if such cause be lacking, this Court enter an Order pursuant to SCR 3.435(4) publicly reprimanding Gottesman in the Commonwealth of Kentucky. Gottesman was admitted to the practice of law in this Commonwealth on May 31, 1996, and his last known business address is 36 East 7th Street, Suite 2121, Cincinnati, Ohio, 45202. Following the KBA's petition seeking a show cause order, Gottesman filed a Notice of Consent to Reciprocal Discipline with the Supreme Court Clerk of Kentucky, waiving his right to a show cause hearing and consenting to the imposition of the recommended reciprocal discipline. Therefore, this Court grants the KBA's motion and approves of the proposed public reprimand.

On July 10, 2007, the Supreme Court of Ohio entered an order publicly reprimanding Gottesman for violating Rule DR 102 of the Ohio Code of Professional Responsibility. The facts underlying the Ohio reprimand are as follows:

> On March 14, 2006, attorney William I. Farrell went to respondent's law office without his wife and asked respondent to notarize a power of attorney that Farrell's wife had purportedly signed. Trusting that the signature was genuine, respondent notarized the power of attorney, swearing in the jurat that he had witnessed the wife's signature. In fact, Farrell's wife had not signed the power of attorney. Farrell subsequently used the power of attorney to obtain a line of credit, secured by the Farrells' residence, for $75,000. *Cincinnati Bar Association v. Gottesman*, 115 Ohio St.3d 222, 223, 874 N.E.2d 778, 779 (Oh.2007).

Following the Ohio Supreme Court's order, Gottesman self-reported his discipline to the KBA. The KBA then filed the current petition with this Court. Four days after the KBA filed its petition, Gottesman filed a petition consenting to the recommended reciprocal discipline.

If an attorney who is licensed to practice law in this Commonwealth is disciplined in another jurisdiction, SCR 3.435(4) requires this Court to "impose the identical discipline unless Respondent proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State." In addition, SCR 3.435(4)(c) requires this Court to recognize that a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky.

The Ohio Board of Commissioners on Grievances and Discipline found that Gottesman's conduct violated Rule DR 102 of the Ohio Code of Professional Responsibility, which states that "a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." This rule is the equivalent to SCR 3.130–8.3, which states that it is misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Since Gottesman has been disciplined by the Supreme Court of Ohio, and since Gottesman's actions are also governed by the Rules of Professional Conduct in this Commonwealth, Gottesman is subject to a Public Reprimand pursuant to SCR 3.435(4).

Accordingly, it is hereby ORDERED that:

1. Zachary Gottesman, KBA member number 86288, is adjudicated guilty of unprofessional conduct based on the facts set out in KBA file 15875.

2. Zachary Gottesman, is publicly reprimanded for his conduct.

3. Pursuant to SCR 3.450, Respondent is directed to pay the costs associated with this proceeding, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

Entered January 24, 2008.

/s/ Joseph E. Lambert
CHIEF JUSTICE