DISCIPLINARY COUNSEL v. NIERMEYER.

[Cite as *Disciplinary Counsel v. Niermeyer,*
119 Ohio St.3d 99, 2008-Ohio-3824.]

(No. 2008–0388—Submitted April 9, 2008—Decided August 5, 2008.)

**Per Curiam.**

{¶ 1} Respondent, Kurt L. Niermeyer of Columbus, Ohio, Attorney Registration No. 0042119, was admitted to the Ohio bar in 1989. Relator, Disciplinary Counsel, filed a complaint charging respondent with two violations of the Code of Professional Responsibility. Respondent stipulated to the violations, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing. Based on the stipulations and other evidence, the panel made findings of fact, conclusions of law, and a recommendation, which the board adopted.

{¶ 2} The board recommends that we suspend respondent from the practice of law for 12 months, with the entire suspension stayed. We adopt the board's findings of misconduct and the recommended sanction.

### Stipulated Misconduct

{¶ 3} On April 21, 2006, Edward Hornsby hired respondent to file a workers' compensation claim against Ohio University. After filing the claim, respondent determined that the claim lacked sufficient medical documentation. With the client's permission, respondent withdrew the claim on May 31, 2006. This meant that respondent had until September 5, 2006, to refile the claim, or the claim would be time-barred.

{¶ 4} Over the months that followed the dismissal, respondent forgot about Hornsby's claim. The matter was not brought to respondent's attention again until September 7, 2006, when one of Hornsby's doctors contacted respondent by phone. After reviewing the Hornsby file, respondent realized that he had failed to refile Hornsby's claim. In an effort to remedy his neglect, respondent photocopied a document from an unrelated case that had a date stamp of August 18, 2006. Respondent then superimposed that date stamp onto a document from Hornsby's case, thereby fabricating a new, purportedly timely filed, document.

Respondent filed the document with the Bureau of Workers' Compensation on September 7, 2006. When questioned why a document with two date stamps would not draw attention from either the Bureau or the employer's attorney, respondent opined that the bogus filing would not be questioned because the Bureau's staff was overwhelmed with filings, and the Bureau had recently implemented a paperless system for its files.

{¶ 5} Respondent testified that almost immediately after filing this document, he was struck with regret and overwhelmed with guilt. Respondent disclosed his actions to his cousin, Andrew Cooke, a fellow attorney. Together, they decided that respondent needed to consult with legal counsel. After retaining legal counsel, respondent made a full disclosure of the incident to relator.

{¶ 6} On March 28, 2007, respondent withdrew Hornsby's claim. Respondent also testified that he made several attempts to inform his client of the missed claim deadline and his improper actions, but despite these efforts, he has been unable to make contact.

{¶ 7} Respondent admitted, and the board found, that respondent had violated DR 1–102(A)(4) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation) and 7–102(A)(6) (prohibiting a lawyer from creating or preserving evidence when the lawyer knows or it is obvious that the evidence is false).

### Recommended Sanction

{¶ 8} In recommending a sanction, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 9} As an aggravating factor, the board found that respondent had acted with a dishonest or selfish motive. BCGD Proc.Reg. 10(B)(1)(b). In mitigation, the board found the absence of a prior disciplinary record. BCGD Proc.Reg. 10(B)(2)(a). The board also found that respondent had immediately made efforts to rectify the consequences of his misconduct and that he had cooperated fully in the disciplinary proceedings. Indeed, the board noted that respondent self-reported misconduct that might have otherwise gone undiscovered. BCGD Proc.Reg. 10(B)(2)(c) and (d). The board also heard from several of respondent's colleagues and friends. From this evidence, the board found that respondent is highly respected for his skill and professionalism and that he is a devoted husband and father who is actively involved in his community and his church. BCGD Proc.Reg. 10(B)(2)(e).

{¶ 10} The panel recommended that respondent be suspended from the practice of law for 12 months, with the entire suspension stayed on condition of good behavior. The board adopted the panel's recommendation.

## Review

{¶ 11} Respondent does not challenge the board's findings of misconduct or the recommended sanction. We have reviewed the board's record and its report, and we agree that respondent violated DR 1–102(A)(4) and 7–102(A)(6).

{¶ 12} We also agree that the board's recommended sanction is appropriate. An attorney who engages in conduct that violates DR 1–102(A)(4) will ordinarily be suspended from the practice of law. *Disciplinary Counsel v. Beeler*, 105 Ohio St.3d 188, 2005-Ohio-1143, 824 N.E.2d 78, ¶ 44; *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237. We have found, however, that a lesser sanction may be warranted depending on the presence of mitigating factors. See *Cincinnati Bar Assn. v. Gottesman*, 115 Ohio St.3d 222, 2007-Ohio-4791, 874 N.E.2d 778; *Columbus Bar Assn. v. Stubbs*, 109 Ohio St.3d 446, 2006-Ohio-2818, 848 N.E.2d 843.

{¶ 13} Respondent's mitigating evidence in this case includes his lack of a disciplinary record, his full cooperation in the disciplinary process, including reporting his own misconduct, and his good character and reputation apart from the incident before us. Respondent's willingness to accept responsibility for his mistake, and the fact that this was an isolated incident in an otherwise unblemished legal career rather than a course of conduct, persuades us that respondent is unlikely to commit future misconduct.

{¶ 14} Accordingly, respondent is suspended from the practice of law for 12 months, with the entire suspension stayed on the condition that he commit no further misconduct. If respondent violates the terms of the stay, the stay will be lifted, and respondent will serve the entire suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Jonathan E. Coughlan, Disciplinary Counsel, and Heather L. Hissom, Assistant Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter Co., L.P.A., Geoffrey Stern, and Rasheeda Z. Khan, for respondent.