**Micah G. GUILFOIL, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2009–SC–000672–KB.**

Supreme Court of Kentucky.

Nov. 25, 2009.

1. SCR 3.130–4.1 requires truthfulness of lawyer's statements to others.

2. Guilfoil actually refers to SCR 3.130–8.3(c) in her motion. Before amendment and re-numbering of Supreme Court Rules, effective July 15, 2009, SCR 3.130–8.3(c) referred to the prohibition against lawyers engaging in conduct involving fraud, deceit, or misrepresentation. After the amendment and renumbering, SCR 3.130–8.3, generally, now refers to a lawyer's responsibility to report another attorney's professional misconduct, with SCR 3.130–8.3(c) identifying types of information that an attorney has no duty to reveal con-

cerning another attorney. Under the current version of our Supreme Court Rules, SCR 3.130–8.4(c) now contains the prohibition against conduct involving dishonesty, fraud, deceit, or misrepresentation. Because fraudulent conduct, rather than a failure to report another attorney's professional misconduct, is at issue in this case, we assume that Guilfoil admits a violation of SCR 3.130–8.4(c) (prohibiting fraudulent or deceitful conduct), rather than a violation of the duty to report another attorney's professional misconduct contained in what is now SCR 3.130–8.3.

## OPINION AND ORDER

Micah G. Guilfoil was admitted to the practice of law on October 16, 1992; and her bar roster address is P.O. Box 6133, Louisville, Kentucky 40206. Guilfoil moves this Court to impose the sanction of a public reprimand under SCR 3.480(2) for violations of Kentucky Supreme Court Rules (SCR) 3.130–4.1[1] and SCR 3.130–8.4(c)[2] in exchange for termination of disciplinary proceedings against her for the named violations.

The underlying facts were set forth as follows in the Motion for Public Reprimand:

In 2003, Movant represented her neighbor ... in an uncontested divorce, after [her neighbor's] husband was arrested in Tennessee and charged.... Movant agreed to take the [divorce] case for a flat fee of $2,500.00, plus expenses.

During one of Movant's trips to see [her neighbor's] husband while he was incarcerated in the Tennessee jail, she presented a Power of Attorney for his signature. The notary who signed the document as having witnessed the husband's signature was a Jefferson County, Kentucky[,] notary. The notary [certification] reads as if the document was executed in front of the notary herself and does not indicate that the signer was incarcerated in Tennessee while the notary was located in Kentucky. In fact, the notary [certification] contains two blanks to provide the location where [the neighbor's husband] was incarcerated, and both are filled in with the abbreviation "N/A."

The Inquiry Commission initially issued a four-count Charge against Movant on April 30, 2007, alleging violations of SCR 3.130–1.6 (Count 1, confidentiality); SCR 3.130–1.5 (Count II, charging an unreasonable fee); SCR 3.130–4.1 (Count III, truthfulness in[ ]statements to others); and SCR 3.130–8.3(c) (Count IV, engaging in conduct involving dishonesty, fraud, deceit[,] or misrepresentation).[3] Based on information developed as the case proceeded, however, Movant filed a Motion to Dismiss Counts I and II, which was granted on August 7, 2009.

Guilfoil acknowledges having violated SCR 3.130–4.1 (requiring truthfulness in statements to others) and SCR 3.130–8.4(c) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation) "by having the Power of Attorney improperly notarized." She requests that this Court issue a Public Reprimand as an appropriate sanction and further requests that our "Order reflect that she [did] attend and successfully complete EPEP" (Ethics and Professionalism Enhancement Program), which she affirms she did on April 17, 2009.

The Kentucky Bar Association (KBA) has no objection to the Motion for Public Reprimand and indicates that "the parties have agreed to a negotiated sanction to resolve this matter" under SCR 3.480(2). The KBA acknowledges that the signature of the client's husband on the power of attorney document was not disputed but finds fault with Guilfoil's presentation of the improperly notarized document to her client and to a bank to obtain a mortgage, despite Guilfoil knowing that it was improperly notarized. The KBA requests that Guilfoil's motion for public reprimand be granted and that an order be entered accordingly.

We note that Guilfoil has no prior disciplinary history and that the negotiated sanction is consistent with *Kentucky Bar Association v. Gottesman,* 243 S.W.3d 348 (Ky.2008) (providing for reciprocal identical discipline of a public reprimand in Kentucky for attorney's having notarized a document without personally witnessing the signature in Ohio). So we adopt the finding by the KBA regarding the appropriate discipline in this matter and order that Guilfoil be publicly reprimanded un-

**3.** These references are apparently to the Supreme Court Rules then in effect at the time the charges were issued, prior to the amendment and renumbering of rules, which became effective July 15, 2009.

der SCR 3.480(2) for her violations of SCR 3.130–4.1 and SCR 3.130–8.4(c).

Therefore, the Court ORDERS as follows:

1) The disciplinary proceedings by the Inquiry Commission be terminated;

2) The Motion for Public Reprimand is GRANTED;

3) Guilfoil is publicly reprimanded for her professional misconduct, specifically her violations of SCR 3.130–4.1 and SCR 3.130–8.4(c);

4) Because Guilfoil has already attended and successfully completed the Ethics and Professionalism Enhancement Program, no further remedial ethics education is ordered at this time; and

5) Under SCR 3.450, Guilfoil is directed to pay all costs associated with these disciplinary proceedings in the amount of $38.66 for which execution may issue from this Court upon finality of this order.

ENTERED: November 25, 2009.

All sitting. All concur.

/s/ John D. Minton Jr.
    Chief Justice