MEDINA COUNTY BAR ASSOCIATION *v*. CAMERON.

[Cite as *Medina Cty. Bar Assn. v. Cameron,*

130 Ohio St.3d 299, 2011-Ohio-5200.]

*Attorneys—Misconduct—Knowingly making a false statement of fact or law to a tribunal—Communicating with a person represented by counsel without the other counsel's consent—One-year suspension stayed on condition of no further misconduct.*

(No. 2010-2173—Submitted May 24, 2011—Decided October 12, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-088.

_____

**Per Curiam.**

{¶ 1} Respondent, John Brooks Cameron of Medina, Ohio, Attorney Registration No. 0055800, was admitted to the practice of law in Ohio in 1991. In December 2009, relator, Medina County Bar Association, filed a two-count complaint charging Cameron with two violations of the Rules of Professional Conduct, arising from his conduct during litigation against him for the collection of fees for expert consulting services.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline held a hearing and issued findings of fact, conclusions of law, and a recommended sanction. The board adopted the panel's findings and conclusions and recommended that Cameron be suspended from the practice of law for six months.

{¶ 3} Cameron objects to the board's findings of fact, conclusions of law, and recommended sanction. For the reasons that follow, we find that respondent violated Prof.Cond.R. 4.2 (prohibiting a lawyer from communicating

with a person represented by counsel without the other counsel's consent) and 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal) but reject the board's recommended sanction and impose a one-year suspension, with the entire year stayed on conditions.

## Misconduct

{¶ 4}  The testimony and evidence before the hearing panel establish that Cameron hired the president of Safety Through Engineering, Inc. ("STE") to be an expert witness in a slip-and-fall case and paid him a $2,000 retainer.  The expert prepared a report and in April 2007 sent Cameron an invoice with an amount owing of $7,008.

{¶ 5}  Cameron testified at the disciplinary hearing that he discussed the invoice with the expert and indicated to him that the invoice would be paid when the slip-and-fall case settled.  When that case did not settle, the expert asked him in June 2007 to make monthly payments of a set amount, and he testified that he agreed to send "something" on the bill periodically.  According to the expert, however, Cameron agreed to make monthly payments of $500, but no payments were made.

{¶ 6}  In June 2008, an attorney for STE filed a complaint against Cameron on the account.  Cameron was served with the summons and complaint by certified mail but failed to file an answer.  In August 2008, STE's attorney filed a motion for a default judgment, and a nonoral hearing on the motion was scheduled for September 5, 2008.

{¶ 7}  Although disputed by the expert, Cameron testified that before he received notice of the default hearing, he contacted the expert directly and engaged in settlement discussions.  He also testified that they agreed that he would pay $500 a month on the account.  Two days before the hearing, when he had not received a notice dismissing the lawsuit, he contacted the expert again, and according to Cameron, the expert said that he had not received any payment.

Cameron mailed the expert a check for $700 and called the next day to verify receipt of the check. He then had his associate prepare and file a motion that represented to the court that the parties had reached a settlement and that requested a brief continuance to file an answer if the complaint was not dismissed before the September 5 hearing. Cameron's first contact with STE's attorney occurred after the motion for a continuance was filed. According to STE's attorney, Cameron informed him that a motion for a continuance had just been filed and requested that they work out a settlement.

{¶ 8} When the court granted the motion for continuance the next day, STE's attorney filed a motion for reconsideration. The expert and STE's attorney submitted affidavits to the court disputing that a settlement had been reached. Cameron opposed the motion for reconsideration with his own affidavit, averring that when he first received the complaint, he attempted to contact STE's attorney; but when that proved to be unsuccessful, he spoke with the expert directly and the two reached a settlement. He also stated in the affidavit that he learned that STE's lawsuit had not been dismissed when he received the notice for the default-judgment hearing. He said that he then contacted the expert a second time and that they reached a settlement requiring him to immediately send a payment of $700 to the expert, which he did. On the day of the hearing on the motion to reconsider, STE's attorney and Cameron's associate reached a settlement, and STE's complaint was later dismissed. STE's attorney then filed a grievance with relator.

{¶ 9} Count One of the complaint charges respondent with violating Prof.Cond.R. 4.2, which provides, "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer *knows* to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." (Emphasis sic.) Based on the facts and Cameron's admission at oral argument,

we agree with the board that the evidence is clear and convincing that Cameron violated Prof.Cond.R. 4.2 when he contacted the expert after STE's lawsuit was filed and discussed settlement of that suit without the consent of STE's attorney.[1]

{¶ 10} Count Two of the complaint alleges that respondent violated Prof.Cond.R. 3.3, which provides:

{¶ 11} "(a) A lawyer shall not *knowingly* do any of the following:

{¶ 12} "(1) make a false statement of fact or law to a *tribunal* or fail to correct a false statement of material fact or law previously made to the *tribunal* by the lawyer." (Emphasis sic.)

{¶ 13} The board acknowledged that the testimony differed whether a settlement was reached between the parties, but the panel, as trier of fact, concluded that Cameron's representations to the court that a settlement had been reached were simply not credible. STE's attorney testified that he was contacted after the motion for a continuance was filed and that Cameron requested in that conversation that they settle the matter. This testimony supports the expert's testimony that he did not agree to settle the case after the lawsuit was filed and is at odds with Cameron's representations to the court, and the panel, that the case had already been settled. We therefore agree with the board that Cameron violated Prof.Cond.R. 3.3.

## Sanction

{¶ 14} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818. To determine the appropriate sanction, we

---

1. Although Cameron did not raise the issue whether an attorney who is acting pro se in a lawsuit as a party can contact the other party, we note that other jurisdictions have said that the contact violates a similar professional rule. See *In re Haley* (2006), 156 Wash.2d 324, 126 P.3d 1262; *Runsvold v. Idaho State Bar* (1996), 129 Idaho 419, 925 P.2d 1118; *In re Discipline of Schaefer* (2001), 117 Nev. 496, 25 P.3d 191; *In re Disciplinary Action Against Lucas,* 2010 N.D. 187, 789 N.W.2d 73.

consider a nonexhaustive list of the aggravating and mitigating circumstances, which are found in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. In mitigation, the board noted that Cameron had no prior disciplinary record, BCGD Proc.Reg. 10(B)(2)(a), and that there was evidence of Cameron's good character and professionalism as testified to in letters from several attorneys and a municipal-court bailiff and at the hearing by a Medina County Court of Common Pleas judge, BCGD Proc.Reg. 10(B)(2)(e).

**{¶ 15}** With respect to aggravating factors, the board determined that Cameron displayed a dishonest and selfish motive, BCGD Proc.Reg. 10(B)(1)(b), and that the grievance involved multiple offenses, BCGD Proc.Reg. 10(B)(1)(d). It also found that Cameron refused to acknowledge that he had inappropriately bypassed counsel for STE and negotiated directly with the expert witness, BCGD Proc.Reg. 10(B)(1)(g).

**{¶ 16}** Cameron argues that the evidence does not support a finding that he acted with a selfish or dishonest motive or that he failed to acknowledge that he had inappropriately contacted the expert witness. Our review of the record shows that when he was questioned by a member of the panel, Cameron stated that he would absolutely have handled his approach with the expert differently because it was not worth putting himself in this situation. We therefore sustain Cameron's objection to the aggravating factor that he did not express remorse for his conduct.

**{¶ 17}** Relator had requested a one-year suspension, but the panel and board recommended a six-month suspension. Although an actual suspension from the practice of law is the general sanction when an attorney engages in dishonest conduct, a lesser sanction may be appropriate when the misconduct is

an isolated incident in an attorney's career or when little or no harm resulted from the misconduct. *Disciplinary Counsel v. Cuckler*, 101 Ohio St.3d 318, 2004-Ohio-784, 804 N.E.2d 966, ¶ 10. Given Cameron's misconduct as it relates to this single matter, the length of his career, and the limited harm attributable to the misconduct, a one-year stayed suspension is appropriate.

{¶ 18} Accordingly, respondent John Brooks Cameron is suspended from the practice of law for a period of one year, but the suspension is stayed on the condition that he commit no further misconduct. If he fails to comply with this condition, the stay will be lifted and he will serve the entire one-year suspension. Costs of these proceedings shall be taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

John Porter; and The Bailey Law Firm and William E. Steiger II, for relator.

John Brooks Cameron, pro se.

_____