**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Champion,* **Slip Opinion No. 2016-Ohio-8023.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8023

DISCIPLINARY COUNSEL *v.* CHAMPION.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Champion,* Slip Opinion No. 2016-Ohio-8023.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Conditionally stayed one-year suspension.*

(No. 2016-0851—Submitted August 17, 2016—Decided December 8, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-071.

_____

**Per Curiam.**

**{¶ 1}** Respondent, Timothy Harman Champion of Akron, Ohio, Attorney Registration No. 0040254, was admitted to the practice of law in Ohio in 1988.  In a November 30, 2015 complaint, relator, disciplinary counsel, alleged that Champion violated four professional-conduct rules in connection with a civil action filed against him by the city of Akron for delinquent income taxes.

{¶ 2} The parties submitted stipulations of fact, misconduct, and aggravating and mitigating factors and a recommended sanction, and they agreed to dismiss three additional violations that were alleged in the complaint. The panel of the Board of Professional Conduct appointed to hear the matter granted the parties' joint motion to waive the hearing and have the matter decided on their stipulations. The panel adopted the parties' stipulations, found that Champion engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Prof.Cond.R. 8.4(c), dismissed three additional alleged violations as stipulated by the parties, and recommended that he be suspended from the practice of law for one year, fully stayed on the condition that he commit no further misconduct. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction.

{¶ 3} We adopt the board's report and suspend Champion from the practice of law for one year and stay the suspension in its entirety on the condition that he commit no further misconduct.

**Misconduct**

{¶ 4} The parties' stipulations, which are hereby incorporated by reference, show that the city of Akron filed a civil action against Champion for the collection of $544.36 in delinquent municipal income taxes plus interest and costs. In response, Champion repeatedly made false statements claiming that he had paid the taxes and submitted to the city a fraudulent copy of a canceled check that purported to show partial payment of the taxes he owed.

{¶ 5} Following an extensive investigation, Akron's tax department concluded that the check that Champion had submitted to prove payment of his taxes had been altered. After the city confronted him with its evidence, Champion acknowledged that the check he had provided as evidence of his payment had been altered. Champion subsequently remitted a check to the city for the full amount of the taxes owed plus additional costs of collection incurred by the city. The city

2

demanded that Champion self-report his conduct to relator. Champion failed to self-report his misconduct, and the city's attorney filed a grievance against him.

{¶ 6} The board found that by submitting an altered version of a check purportedly reflecting prior payment of income taxes owed to the city, Champion engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Prof.Cond.R. 8.4(c).

**Sanction**

{¶ 7} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, relevant aggravating and mitigating factors, and the sanctions imposed in similar cases. *See* Gov.Bar R. V(13)(A).

{¶ 8} The parties stipulated and the board found that Champion's dishonest motive was an aggravating factor weighing in favor of a harsher sanction. *See* Gov.Bar R. V(13)(B)(2). As mitigating factors, the parties agreed and the board found that Champion does not have a prior disciplinary record, made full and free disclosure to the board, and presented evidence of his good character and reputation apart from the charged misconduct. *See* Gov.Bar R. V(13)(C)(1), (4), and (5).

{¶ 9} The board acknowledged that we typically require attorneys who have engaged in illegal and dishonest conduct to serve an actual suspension from the practice of law. *See*, *e.g.*, *Disciplinary Counsel v. Fowerbaugh*, 74 Ohio St.3d 187, 191, 658 N.E.2d 237 (1995). But citing three cases in which we imposed fully stayed suspensions for misconduct involving dishonesty, fraud, deceit, or misrepresentation, the board adopted the parties' stipulation that Champion should be suspended from the practice of law for one year, fully stayed on the condition that he engage in no further misconduct. *See Medina Cty. Bar Assn. v. Cameron*, 130 Ohio St.3d 299, 2011-Ohio-5200, 958 N.E.2d 138 (imposing a fully stayed one-year suspension on an attorney with 18 years of experience and no prior disciplinary action who falsely represented to a court that the parties to a lawsuit

had settled their case); *Columbus Bar Assn. v. Stubbs*, 109 Ohio St.3d 446, 2006-Ohio-2818, 848 N.E.2d 843 (imposing a fully stayed six-month suspension on an attorney with no prior discipline who falsified a document in an attempt to show that she had been properly insured at the time she received a traffic citation but also cooperated in the disciplinary investigation and presented evidence of her good character and reputation); *Disciplinary Counsel v. Niermeyer*, 119 Ohio St.3d 99, 2008-Ohio-3824, 892 N.E.2d 434 (imposing a fully stayed one-year suspension on an attorney who, after missing a filing deadline, falsified a document to make it appear that it had been timely filed).

{¶ 10} Having considered Champion's misconduct, the applicable aggravating and mitigating factors, and the sanctions imposed for comparable misconduct, we agree that a one-year suspension, fully stayed on the condition that Champion engage in no further misconduct, is the appropriate sanction in this case.

{¶ 11} Accordingly, Timothy Harman Champion is hereby suspended from the practice of law for one year, fully stayed on the condition that he engage in no further misconduct. If Champion fails to comply with the condition of the stay, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to Champion.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'NEILL, J., dissents and would remand the cause to the Board of Professional Conduct to consider increasing the severity of the sanction imposed upon the respondent.

_____

Scott J. Drexel, Disciplinary Counsel, for relator.

Gorman, Malarcik & Pierce and Donald J. Malarcik, for respondent.

_____