TO BE PUBLISHED

# Supreme Court of Kentucky

**FINAL**

**DATE** 10/9/18 Kim Redmon, DC

2018-SC-000246-KB

KENTUCKY BAR ASSOCIATION                                   APPELLANT

V.                          IN SUPREME COURT

MATTHEW RYAN MALONE                                          APPELLEE

### OPINION AND ORDER

Matthew Ryan Malone, KBA Member No. 90508, whose bar roster address is 127 West Main Street, Lexington, Kentucky, 40507, was admitted to practice law in this Commonwealth on October 15, 2004. From September 16, 2015, through January 21, 2016, Malone filed, or served upon opposing counsel, eight documents on his client's behalf. Malone signed his client's signature to all eight documents with permission. The signatures on six of the documents were notarized by employees of Malone's law firm as though his client had signed the documents in the presence of a notary. The notary's signature and number were executed and affixed by Malone on the two other documents. Malone failed to inform the court or opposing counsel that he had signed his client's name with permission on the pleadings, that the pleadings were notarized by employees of his law firm, or that two of the eight pleadings contained false notary signatures.

On January 26, 2016, Malone attended a hearing on his client's behalf. Opposing counsel questioned Malone about how he was able to obtain his client's signature, since his client had been snowed in due to a storm. Malone then admitted to signing his client's name on one of the documents because the client could not come to the office due to the snow storm. The next day, Malone self-reported the violations to the Kentucky Bar Association (KBA).

The Inquiry Commission filed a complaint against Malone on March 21, 2016. Malone filed his response to the complaint on April 27, 2016. On June 24, 2016, the Inquiry Commission filed the following two-count charge:

Count I: SCR 3.130(3.3)(a)(1): "A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;"

Count II: SCR 3.130(8.4)(c): "It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

Malone filed a timely response to the charge through counsel. On February 13, 2017, a Trial Commissioner was appointed. On October 5, 2017, the Trial Commissioner filed his report recommending that Malone be suspended from the practice of law for sixty days, with thirty days suspended for a period of one year on the condition he receives no further disciplinary charges for that period, and that Malone pay the costs of the proceedings. On November 2, 2017, Malone filed his Notice of Appeal from the Trial Commissioner's Report.

The case proceeded to the Board of Governors (Board) where oral arguments were heard on March 16, 2018. The Board unanimously voted to reject the Trial Commissioner's report, as clearly erroneous as a matter of law, and consider the matter *de novo*. The Board unanimously voted that Malone was guilty of the allegations in the charge. The Board determined, however, that Malone had permission to sign his client's name to the documents and that there was no harm or prejudice to anyone. Additionally, the Board noted that Malone did not financially profit from his actions and that Malone reported the violations to the KBA in a timely manner. The Board unanimously voted that Malone should receive a public reprimand.

While Malone admits to the violations, the true issue is the appropriate punishment. In his brief to the Board of Governors, Malone cites several factually similar cases. In *Kentucky Bar Association v. Gottesman*, Gottesman notarized a client's wife's signature on a power of attorney, despite not witnessing the signature. 243 S.W.3d 348 (Ky. 2008). In fact, the wife had not signed the power of attorney and the client used it to obtain a line of credit. *Id.* The Supreme Court of Ohio publicly reprimanded Gottesman, who then self-reported the discipline to the KBA. *Id.* This Court publicly reprimanded Gottesman for the conduct. *Id.* at 349.

In *Guilfoil v. Kentucky Bar Association*, an attorney represented a wife in a divorce proceeding against her husband who was incarcerated in Tennessee. 297 S.W.3d 571, 572 (Ky. 2009). Guilfoil personally got the husband to sign a power of attorney, but then had a notary in Kentucky sign as if the husband

3

personally appeared and signed before the notary. *Id.* At Guilfoil's request, this Court agreed to enter public reprimand. *Id.* at 572-73.

In *Kentucky Bar Association v. Aldering,* an attorney falsely notarized a bond assignment document for his work in a criminal case. 929 S.W.2d 190, 191 (Ky. 1996). This Court agreed with the Board's recommendation for a public reprimand. *Id.*

In the KBA's brief to the Board, the KBA pointed out factual distinctions between Malone's case and his cited precedent, such as the cases only involving one document while Malone's case involved eight, and that none of the cases involved an attorney signing another's name in a notary clause. However, despite these minor differences, public reprimand is appropriate. Malone has admitted to his wrongdoings, and even voluntarily completed the KBA's Ethics and Professionalism Program.

Additionally, Malone's misconduct does not constitute serious misconduct under the American Bar Association's (ABA) Model Rules for Lawyer Disciplinary Enforcement.[1] Further, under the ABA Standards for

---

[1] According to the ABA's Model Rules for Lawyer Disciplinary Enforcement, a lawyer's misconduct is serious misconduct if:

> (1) the misconduct involves the misappropriation of funds;
> (2) the misconduct results in or is likely to result in substantial prejudice to a client or other person;
> (3) the respondent has been publicly disciplined in the last three years;
> (4) the misconduct is of the same nature as misconduct for which the respondent has been disciplined in the last five years;
> (5) the misconduct involves dishonesty, deceit, fraud, or misrepresentation by the respondent;

4

Imposing Lawyer Sanctions, several mitigating factors apply to Malone's case, such as the absence of a prior disciplinary record, absence of a personal or dishonest motive, and timely good faith effort to rectify the misconduct. Section 9.3.

As noted above, following review of the record and the Trial Commissioner's recommendation, the Board concluded that Malone had permission to sign his client's name to the documents; that he did not financially profit from his actions; that there was no harm or substantial prejudice to anyone; that Malone self-reported to the KBA within days of the hearing in family court where the issue was discussed; and that Malone has no previous discipline since his admission to the bar in 2004. The Board voted 19-0 for Malone to receive a public reprimand and, after review of the record, we agree with the recommended punishment.

Accordingly, it is hereby ORDERED that:

1. Matthew Ryan Malone, KBA member number 90508, is publicly reprimanded for his conduct.

2. Pursuant to SCR 3.450, Malone is directed to pay the costs associated with this proceeding, in the amount of $845.66, as assessed by the

---

(6) the misconduct constitutes a "serious crime" as defined in Rule 19(C); or
(7) the misconduct is part of a pattern of similar misconduct.

Rule 9(B).

5

Board and certified by the Disciplinary Clerk, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 27, 2018.

_____
CHIEF JUSTICE