[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 24.]

CINCINNATI BAR ASSOCIATION *v*. SHABAZZ.

[Cite as *Cincinnati Bar Assn. v. Shabazz*, 1995-Ohio-177.]

*Attorneys at law—Misconduct—Permanent disbarment—Conduct involving fraud, deceit, dishonesty, or misrepresentation—Conduct adversely reflecting on fitness to practice law—Practicing without license— Disobedience of order of suspension—Significant history of professional misconduct.*

(No. 94-2668—Submitted September 12, 1995—Decided—November 8, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-55.

―――――――――――

{¶ 1} In February 1993, respondent, Donald A. Shabazz, last known address in Cincinnati, Ohio, Attorney Registration No. 0024227, was suspended from the practice of law in Ohio for two years, the second year of which was suspended in favor of a monitored probation period, after he was found in violation of DR 6-101(A)(3) (neglect of a legal matter), 9-102(A) (commingling funds), 9-102(B)(3) (failure to promptly account for client's funds), and Gov.Bar R. VI (failure to register as an attorney). See *Cincinnati Bar Assn. Shabazz* (1993), 66 Ohio St.3d 4, 607 N.E.2d 438. On May 4, 1994, the stay of the second year of respondent's suspension period was revoked due to the certification of further findings of misconduct and recommendations of suspension against him, and due to his failure to pay sanctions issued for noncompliance with Continuing Legal Education requirements. See *Cincinnati Bar Assn. v. Shabazz* (1994), 69 Ohio St.3d 1431, 631 N.E.2d 641. On July 13, 1994, respondent was suspended from the practice of law for an additional six months for further violations of DR 6-101(A)(3) and 9-102(B)(3). Respondent was ordered to serve the six-month suspension after he

served the suspension issued in 1993, and he was required to subsequently submit to a one-year monitored probation period. *Cincinnati Bar Assn. v. Shabazz* (1994), 69 Ohio St.3d 535, 634 N.E.2d 994.

{¶ 2} On August 15, 1994, relator, Cincinnati Bar Association, charged respondent with further professional misconduct, this time involving violations of, *inter alia*, DR 1-102(A)(4) (conduct involving fraud, deceit, dishonesty, or misrepresentation), 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), and 3-101(B) (practicing without license in violation of professional regulations), and Gov.Bar R. V(6)(A)(1) (disobedience of order of suspension). Respondent was served notice of the complaint, but did not answer. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") considered the matter on relator's motion for default, filed pursuant to Gov.Bar R. V(6)(F).

{¶ 3} Respondent acknowledged in writing during relator's investigation that (1) he had prepared a letter for certain clients in a contract dispute in November 1993, while his license was under suspension; (2) he had signed the letter using the name of another attorney without that attorney's authority; (3) he had received $150 in payment from the clients for whom he prepared the letter; and (4) he had subsequently prepared a complaint for filing in common pleas court on their behalf. The panel considered respondent's acknowledgment prima-facie evidence of misconduct and concluded that relator had otherwise complied with Gov.Bar V(6)(F).

{¶ 4} Accordingly, the panel granted the motion for default and found respondent in violation of the Disciplinary Rules cited in the complaint. It rejected the sanction suggested by relator—permanent disbarment—and recommended that respondent receive an indefinite suspension from the practice of law. The board adopted the panel's report, including its findings of fact, conclusions of law, and recommendation.

---

*Klaine, Wiley, Hoffman & Muerer* and *Franklin A. Klaine, Jr.*; *Lindhorst & Dreidame Co., L.P.A.*, and *James L. O'Connell*, for relator.

---

*Per Curiam.*

{¶ 5} Upon review of the record, we concur in the board's findings that respondent violated DR 1-102(A)(4), 1-102(A)(6), and 3-101(B), as well as Gov.Bar V(6)(A)(1). However, we cannot concur in the recommendation to impose an indefinite suspension. In *Disciplinary Counsel v. McDonald* (1995), 71 Ohio St.3d 628, 629, 646 N.E.2d 819, 820, we disbarred an attorney on motion for default, despite the board's recommendation to indefinitely suspend, because he had a significant history of professional misconduct and had ignored our previous order of suspension. *McDonald* requires the same sanction here. Therefore, we order that respondent be permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., CONCUR.

---