## COLUMBUS BAR ASSOCIATION *v.* STUBBS.

### [Cite as *Columbus Bar Assn. v. Stubbs,* 109 Ohio St.3d 446, 2006-Ohio-2818.]

(No. 2006–0096—Submitted March 15, 2006—Decided June 21, 2006.)

———

Per Curiam.

{¶ 1} Respondent, SaKeya MonCheree Stubbs of Columbus, Ohio, Attorney Registration No. 0071309, was admitted to the Ohio bar in 1999.

{¶ 2} On December 6, 2004, relator, Columbus Bar Association, filed a complaint charging respondent with professional misconduct. Respondent filed an answer to the complaint, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing on the complaint in October 2005. The panel then prepared written findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

## Misconduct

{¶ 3} In August 2002, respondent was cited for a minor traffic offense. At the time, she was driving without automobile liability insurance, which led to the suspension of her driver's license.

{¶ 4} Respondent then falsified a document in June 2003 in an attempt to convince the Ohio Bureau of Motor Vehicles that she had been properly insured at the time she received the traffic citation. That action in turn prompted the Columbus City Prosecutor's office to file a misdemeanor falsification charge against her. When she failed to appear for her trial on the charge in December 2003, a judge issued a warrant for her arrest. She eventually contacted the judge and the prosecutor in March 2004 to resolve the criminal case.

{¶ 5} After respondent pleaded guilty to the falsification charge, she was ordered to pay a $150 fine by June 1, 2004, or serve five days in jail. She failed to pay the fine or report to the jail by the deadline, however, and another warrant was issued for her arrest. Respondent paid the fine in July 2004, and the arrest warrant was withdrawn.

{¶ 6} The board found that respondent's actions violated the following Disciplinary Rules: DR 1–102(A)(3) (barring illegal conduct involving moral turpitude), 1–102(A)(4) (prohibiting conduct involving fraud, deceit, dishonesty, or misrepresentation), 1–102(A)(5) (barring conduct that is prejudicial to the administration of justice), and 1–102(A)(6) (barring conduct that adversely reflects on a lawyer's fitness to practice law).

## Sanction

{¶ 7} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The one aggravating factor identified by the board was respondent's commission of multiple offenses. BCGD Proc.Reg. 10(B)(1)(d).

{¶ 8} The board found several mitigating factors: respondent's lack of any prior disciplinary record, her cooperative attitude during the disciplinary process, her good character and reputation, the imposition of other penalties or sanctions, a mental disability (depression), and sincere remorse for her actions. BCGD Proc.Reg. 10(B)(2)(a), (d), (e), (f), and (g). Several of respondent's family members died in 2003, and those deaths caused her to feel a profound sense of loss and depression, according to the board. Starting in January 2005, respondent sought grief counseling through the Ohio Lawyers Assistance Program ("OLAP"), and she is adhering to a contract with that organization as she copes with her grief.

{¶ 9} The parties recommended that respondent be suspended from the practice of law in Ohio for six months, with the entire suspension stayed on conditions. The board adopted that recommendation.

{¶ 10} We agree that respondent violated all of the Disciplinary Rules cited in the board's report, and we agree with the parties' and the board's recommended sanction.

{¶ 11} Illegal and dishonest conduct on the part of an attorney is always troubling and usually warrants an actual suspension from the practice of law. See *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 191, 658 N.E.2d 237 ("when an attorney engages in a course of conduct that violates DR 1–102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time").

{¶ 12} In this case, however, we acknowledge the various mitigating factors noted by the board, and we accept the board's findings that respondent has shown genuine remorse for her actions, has responded well to OLAP's efforts to help her cope with her grief, and is unlikely to commit future misconduct. In similar circumstances, we have imposed stayed suspensions. See, e.g., *Disciplinary Counsel v. Carroll*, 106 Ohio St.3d 84, 2005–Ohio–3805, 831 N.E.2d 1000 (a stayed six-month suspension was ordered for an attorney who had submitted inaccurate timesheets while working for a state board but had cooperated fully with the resulting criminal and disciplinary investigations); *Disciplinary Counsel v. Markijohn*, 99 Ohio St.3d 489, 2003–Ohio–4129, 794 N.E.2d 24 (attorney who falsely reported contributions to his law firm's retirement plan violated DR 1–102(A)(4), but his good character, lack of disciplinary record, and personal difficulties were sufficiently mitigating to stay the ordered six-month suspension); *Dayton Bar Assn. v. Kinney* (2000), 89 Ohio St.3d 77, 728 N.E.2d 1052 (a stayed six-month suspension was ordered for an attorney who falsified a document while representing a client but then fully admitted the misconduct, which we described as "an isolated incident" that did not change the outcome of the representation).

{¶ 13} Accordingly, respondent is hereby suspended from the practice of law in Ohio for six months, with the entire suspension stayed on the condition that respondent continue to comply with her OLAP contract and continue to seek and comply with all counseling and treatment regimens recommended by OLAP. If respondent violates the condition, the stay will be lifted, and respondent will serve the entire term as a period of actual suspension.

{¶ 14} In addition, respondent is placed on probation for a period of one year in accordance with Gov.Bar R. V(6)(B)(4) to ensure that she maintains an ethical and competent legal practice. During the period of probation, respondent's law practice must be monitored by an attorney appointed by relator in accordance with Gov.Bar R. V(9).

{¶ 15} Costs are taxed to respondent.

Judgment accordingly.

Moyer, C.J., Resnick, Pfeifer, Lundberg Stratton, O'Connor, O'Donnell and Lanzinger, JJ., concur.

---

Denise R. Mathews and Bruce A. Campbell, for relator.

Christensen & Christensen and Kenneth R. Donchatz, for respondent.