**DISCIPLINARY COUNSEL *v*. STUBBS**.

[Cite as *Disciplinary Counsel v. Stubbs,* **128 Ohio St.3d 344, 2011-Ohio-553.**]

*Attorneys — Misconduct — Failure to properly maintain and use a client trust account — Failure to cooperate in a disciplinary investigation — Failure to pay client expense from settlement proceeds as agreed — Indefinite suspension.*

(No. 2010-1803 — Submitted January 4, 2011 — Decided February 15, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-009.

_____

**Per Curiam**.

{¶ 1} Respondent, SaKeya MonCheree Stubbs of Columbus, Ohio, Attorney Registration No. 0071309, was admitted to the practice of law in Ohio in 1999.

{¶ 2} On May 14, 2010, relator, Disciplinary Counsel, filed an amended five-count complaint charging respondent with professional misconduct arising from her alleged misuse of her client trust account, failure to maintain adequate records of client funds held in her trust account, failure to pay certain client expenses from settlement proceeds as agreed, and failure to respond to the resulting disciplinary investigations.

{¶ 3} Relator attempted to serve respondent with a copy of its amended complaint by certified mail at her office address, but the postal service returned that mailing unclaimed. A second certified mailing to a new address provided by the postal service was also returned unclaimed. On July 26, 2010, the clerk of the Supreme Court of Ohio accepted service on respondent's behalf, in accordance with Gov.Bar R. V(11)(B). Respondent did not answer the complaint or

otherwise appear in the proceeding, and relator moved for default pursuant to Gov.Bar R. V(6)(F).

{¶ 4} A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted relator's motion, making findings of fact and misconduct and recommending that respondent be indefinitely suspended from the practice of law and directed to make restitution to her client. The board adopted the master commissioner's report in its entirety. For the reasons that follow, we accept these findings of fact and misconduct, adopt the board's recommendation, indefinitely suspend respondent from the practice of law in Ohio, and order her to pay restitution to the affected client.

## Misconduct

{¶ 5} The master commissioner found that in November 2008, relator attempted to communicate with respondent regarding overdrafts on her client trust account. Although several letters were delivered to respondent's office via certified mail and personal service, respondent did not respond. She missed a scheduled deposition, even though a subpoena for her appearance had been delivered to her secretary. Although she later appeared and testified, she did not provide all the documents that she was ordered to produce, including her client ledgers, canceled checks, and her trust account check register. She admitted that she had failed to maintain accurate records for her trust account, that she had deposited earned fees and payments for court-appointed cases into that account, and that she had used the account to pay personal and office expenses. The record further demonstrates that her trust account was overdrawn or checks were returned for insufficient funds at least 17 times from October 2008 to August 2009.

{¶ 6} The master commissioner also found that after settling a client's personal-injury claim in February 2009, respondent agreed to pay certain of the client's medical bills from the settlement funds. She retained $5,489 of the

2

settlement proceeds to pay those bills but later advised the client that she had used the money to pay her own bills. Although she promised to return the money to the client by January 4, 2010, she did not do so. She also failed to respond to relator's investigation of the client's grievance.

{¶ 7} Based upon these facts, the master commissioner concluded that respondent's conduct with respect to the management of her client trust account violated Prof.Cond.R. 1.15(a)(2) (requiring a lawyer to maintain a record for each client on whose behalf funds are held) and (a)(3) (requiring a lawyer to maintain a record for the lawyer's client trust account setting forth the name of the account, the date, amount, and client affected by each credit and debit, and the balance in the account), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) and (h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). Her handling of her client settlement proceeds violated Prof.Cond.R. 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive) and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), (d), and (h). Respondent's failure to cooperate in each of the resulting investigations also violated Prof.Cond.R. 8.4(d) and (h) as well as Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

{¶ 8} Citing a lack of clear and convincing evidence, the master commissioner made no findings regarding allegations that respondent had engaged in improper fee sharing or that she had failed to pay the medical expenses of other clients.

{¶ 9} The board accepted the master commissioner's findings of fact and misconduct and dismissed the allegations that were not supported by clear and convincing evidence. See Gov.Bar R. V(6)(K). We also accept these findings.

**Sanction**

{¶ 10} In recommending that we indefinitely suspend respondent from the practice of law in Ohio, the master commissioner and board considered the aggravating and mitigating factors of respondent's case. See BCGD Proc.Reg. 10(B). They cited as aggravating factors respondent's prior disciplinary history, including a six-month stayed suspension and one year of monitored probation, which had been imposed after respondent had falsified a document in an attempt to convince the Ohio Bureau of Motor Vehicles that she had been properly insured at the time she had received a traffic citation, and two separate attorney-registration suspensions. See BCGD Proc.Reg. 10(B)(1)(a); *Columbus Bar Assn. v. Stubbs*, 109 Ohio St.3d 446, 2006-Ohio-2818, 848 N.E.2d 843; *In re Attorney Registration Suspension of Stubbs*, 116 Ohio St.3d 1420, 2007-Ohio-6463, 877 N.E.2d 305; *In re Attorney Registration Suspension of Stubbs*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256. They also found that she had engaged in a pattern of misconduct involving multiple offenses, failed to cooperate in the disciplinary process, caused harm to a vulnerable client, and failed to make restitution to that client. See BCGD Proc.Reg. 10(B)(1)(c), (d), (e), (h), and (i). Although the master commissioner and board acknowledged respondent's previous participation in the Ohio Lawyers Assistance Program, they observed that she was no longer an active participant in the program and had produced no evidence that she suffered from a mental disability. Therefore, they found that no mitigating factors were present. See BCGD Proc.Reg. 10(B)(2).

{¶ 11} Respondent has breached her duties to her clients, the public, and the legal profession by failing to maintain accurate records of the funds held in her client trust account, failing to promptly deliver funds that a client was entitled to receive, and failing to cooperate in the disciplinary process. We have previously recognized that an indefinite suspension is an appropriate sanction for a lawyer who has failed to maintain accurate records of the funds held in her client trust account, failed to promptly deliver funds that a client is entitled to

receive, failed to provide diligent and competent legal representation to her clients, and failed to cooperate in the resulting disciplinary investigation. See *Columbus Bar Assn. v. Torian*, 106 Ohio St.3d 14, 2005-Ohio-3216, 829 N.E.2d 1210, at ¶ 17.

{¶ 12} Having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanctions imposed for comparable conduct, we agree that an indefinite suspension is the appropriate sanction in this case.

{¶ 13} Accordingly, SaKeya MonCheree Stubbs is indefinitely suspended from the practice of law in the state of Ohio, and any petition for reinstatement is must include proof that she has paid restitution to the affected client. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Senior Assistant Disciplinary Counsel, for relator.

_____