DISCIPLINARY COUNSEL *v.* MEEHAN

[Cite as *Disciplinary Counsel v. Meehan,* 133 Ohio St.3d 51, 2012-Ohio-3894.]

*Attorneys—Misconduct—Practicing law in violation of jurisdictional regulations—Engaging in conduct prejudicial to the administration of justice—Twenty-four-month suspension, stayed on conditions.*

(No. 2011-2045—Submitted January 18, 2012—Decided August 29, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-029.

_____

**Per Curiam.**

{¶ 1} Respondent, Michael Patrick Meehan of Cleveland, Ohio, Attorney Registration No. 0059515, was admitted to the practice of law in Ohio in 1992. Relator, disciplinary counsel, filed a complaint in March 2011, charging Meehan with multiple violations of the Rules of Professional Conduct. After rejecting the parties' consent-to-discipline agreement, which recommended a 12-month stayed suspension, a panel of the Board of Commissioners on Grievances and Discipline conducted a hearing to consider disciplinary counsel's allegations of misconduct. At the conclusion of evidence, and upon consideration of the parties' agreed stipulations, the panel determined that there was clear and convincing evidence that Meehan had committed violations of three Rules of Professional Conduct. The panel recommended that Meehan be suspended from the practice of law for 24 months, with the entire suspension stayed on a number of stringent conditions. The board adopted the panel's report.

{¶ 2} We adopt the board's findings of fact and conclusions of law, and we adopt the board's recommendation that Meehan be suspended from the

practice of law in Ohio for 24 months, with the entire suspension stayed on conditions.

**Misconduct**

**{¶ 3}** Meehan owns and operates Evergreen Title Agency, Ltd., and his legal practice is largely limited to eviction actions. This court administratively suspended Meehan from the practice of law, effective November 3, 2009, because he failed to renew his registration. Meehan admitted that he had received the letter notifying him of the suspension; however, he did not open any of his mail at that time, including the suspension letter, because he was experiencing a major depressive episode. Between November 2009 and May 2010, Meehan continued to practice law by filing eight eviction complaints in northern Ohio courts on behalf of his primary client, Midwest Properties, L.L.C., or its managing member. Neither the members of Midwest Properties nor the signatories on the deeds notarized by Meehan were aware of his suspension.

**{¶ 4}** Meehan became aware of his suspension in May 2010, when he accessed his Ohio attorney-registration records to determine the extent of his continuing-legal-education ("CLE") obligations. Upon discovering that he was suspended, Meehan immediately took all necessary steps and had his license reinstated on May 18, 2010. During the short period of time between discovery and reinstatement, Meehan did not engage in any activities as an attorney.

**{¶ 5}** The parties stipulated, and the board concluded, that Meehan's conduct violated Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction) and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice) and (h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

**Sanction**

{¶ 6} When imposing sanctions for attorney misconduct, we weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. In making a final determination, we consider a number of factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take all relevant factors into account in determining what sanction to impose. BCGD Proc.Reg. 10(B).

{¶ 7} The board found as aggravating factors that Meehan had engaged in a pattern of misconduct and committed multiple violations of the Rules of Professional Conduct. BCGD Proc.Reg. 10(B)(1)(c) and (d). However, because all the offenses committed during the pattern of misconduct arose from a major depressive episode, the board accorded less weight to the aggravating factors than to the mitigating factors.

{¶ 8} The board found as mitigating factors that Meehan had no record of professional misconduct, that he lacked any selfish or dishonest motive, that he provided full and free disclosure during disciplinary counsel's investigation, that he was cooperative during the disciplinary proceedings, and that he provided evidence of good character and reputation. BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e). The board further found that Meehan was diagnosed with a mental disability (major depressive disorder) by a qualified health-care professional, that he provided adequate proof that the disability contributed to his misconduct, that he has undergone a sustained successful period of treatment, and that he is capable of returning to competently and ethically practicing law. BCGD Proc.Reg. 10(B)(2)(g).

**{¶ 9}** The board recommended that Meehan be suspended from the practice of law in Ohio for a period of 24 months, with all 24 months stayed on the condition that he (1) continue mental-health treatment and counseling throughout the 24-month period, (2) enter into an Ohio Lawyers Assistance Program ("OLAP") contract and comply with all of its requirements during the period of the stayed suspension, (3) comply with all CLE requirements imposed by this court, (4) pay the cost of the present action, (5) not commit any further misconduct during the stayed suspension, and (6) submit to an additional two-year probationary period, monitored by disciplinary counsel, following the completion of the period of the stayed suspension. We adopt the board's recommendation.

**{¶ 10}** In a classic instance of practicing law while under suspension, disbarment is appropriate. *See Akron Bar Assn. v. Thorpe*, 40 Ohio St.3d 174, 532 N.E.2d 752 (1988); *Disciplinary Counsel v. McDonald*, 71 Ohio St.3d 628, 646 N.E.2d 819 (1995); *Cincinnati Bar Assn. v. Shabazz*, 74 Ohio St.3d 24, 656 N.E.2d 325 (1995). In *Thorpe*, the attorney was aware that he had been indefinitely suspended from the practice of law, but he engaged in settlement negotiations on behalf of a client in conscious disregard of the suspension. *Thorpe* at 174. This court agreed with the board's recommendation for permanent disbarment. *Id.* In *McDonald*, the attorney was publicly reprimanded for neglecting a legal matter and was later indefinitely suspended from the practice of law for refusing to pay the court costs from the reprimand proceedings. *McDonald* at 628. The attorney disregarded the suspension order, continued to practice law, was convicted of operating a vehicle while under the influence of alcohol or drugs, neglected client matters, and stole client funds. This court rejected the recommended indefinite suspension and ordered permanent disbarment. *Id.* at 629. In *Shabazz*, the attorney had twice been suspended from the practice of law for multiple instances of misconduct. *Shabazz* at 24. The partial stay on the initial suspension was revoked when the attorney committed

further misconduct, and he was suspended yet again after he committed additional misconduct. *Id.* at 24-25. The attorney practiced law in disregard of his suspension and used the name of another attorney without that attorney's authority. *Id.* This court rejected the recommendation of an indefinite suspension and ordered permanent disbarment. *Id.* at 25.

{¶ 11} Although disbarment is generally necessary "where previous sanctions have been ignored with relative impunity," *McDonald* at 629, lesser sanctions may also be appropriate depending on the circumstances of the attorney's misconduct. *See Disciplinary Counsel v. Blackwell*, 79 Ohio St.3d 395, 683 N.E.2d 1074 (1997); *Disciplinary Counsel v. Carson*, 93 Ohio St.3d 137, 753 N.E.2d 172 (2001). We must keep in mind that "our primary purpose in imposing disciplinary sanctions is not to punish the offender but to protect the public." *Toledo Bar Assn. v. Scott*, 129 Ohio St.3d 479, 2011-Ohio-4185, 953 N.E.2d 831, ¶ 16.

{¶ 12} In *Blackwell*, the attorney practiced for 15 months even though he had not completed his attorney registration for the biennium, failed to meet his CLE requirements for three reporting periods, and was suspended from the practice of law pending reinstatement after his third instance of failing to complete his CLE requirements. *Blackwell* at 395. The attorney failed to meet the requirements for reinstatement, failed to notify his clients of his suspension, and continued to practice law for approximately three months before filing for reinstatement. *Id.* This court rejected the recommended sanction of an indefinite suspension and held that a two-year suspension with the second year stayed was appropriate because of "the specific facts and circumstances of this case, and particularly * * * the board's recommendation and the fact that most of respondent's violations occurred during a period when he was achieving a successful recovery from alcoholism." *Id.* at 397.

**{¶ 13}** In *Carson*, the attorney practiced for approximately seven years while under suspension for noncompliance with CLE requirements. *Carson* at 137. The attorney had mistakenly believed that he could return to practice after paying various sanctions without reapplying for readmission. *Id.* at 138. This court agreed with the board's recommended sanction of a two-year suspension with one year stayed, noting that the attorney's noncompliance was inadvertent and was related to alcohol-dependence issues and that he had been working closely with OLAP to address those issues. *Id.*

**{¶ 14}** In the present case, Meehan's misconduct is much more closely aligned with these latter cases than those cases in which permanent disbarment was warranted. Given the unique circumstances surrounding Meehan's conduct, including the evidence of his treatment for depression, his immediate cessation of practice upon learning of his suspension, his complete cooperation during disciplinary proceedings, and disciplinary counsel's repeated recommendation of a fully stayed suspension, we conclude that a stayed suspension is warranted. We therefore adopt the board's recommendation.

**{¶ 15}** Meehan is suspended from the practice of law for a period of 24 months, with the entire suspension stayed, subject to the conditions requiring him to continue mental-health treatment and counseling throughout the 24-month period, enter into an OLAP contract and comply with all of its requirements during the stayed suspension, comply with all CLE requirements imposed by this court, pay the cost of the present action, refrain from committing any further misconduct during the stayed suspension, and submit to an additional two-year probationary period, monitored by disciplinary counsel, following the completion of the period of the stayed suspension. If Meehan fails to comply with these conditions, the stay will be lifted, and he will be required to serve the entire two-year suspension. Costs are taxed to Meehan.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, for relator.

Koblentz & Penrose, L.L.C., and Richard S. Koblentz, for respondent.

_____