CLEVELAND METROPOLITAN BAR ASSOCIATION *v*. CICIRELLA.

[Cite as *Cleveland Metro. Bar Assn. v. Cicirella,*

133 Ohio St.3d 448, 2012-Ohio-4300.]

*Attorney misconduct—Practicing law while license is indefinitely suspended—Permanent disbarment.*

(No. 2012-0315—Submitted April 24, 2012—Decided September 25, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-080.

_____

**Per Curiam**.

{¶ 1} Respondent, Leonette F. Cicirella of Bedford, Ohio, Attorney Registration No. 0042219, was admitted to the practice of law in Ohio in 1989. In September 1999, we suspended her license for two years with one year of the suspension stayed on conditions and ordered her to make restitution of $1,000 based on findings that she had handled a client's legal matter without adequate preparation, neglected an entrusted legal matter, and failed to cooperate in the ensuing disciplinary proceeding. *Cleveland Bar Assn. v. Cicirella*, 86 Ohio St.3d 544, 545, 715 N.E.2d 1131 (1999). Seven months later, we held her in contempt for failing to surrender her certificate of admission and attorney-registration card and for failing to file a timely affidavit of compliance with our suspension order. *Cleveland Bar Assn. v. Cicirella*, 88 Ohio St.3d 1463, 726 N.E.2d 1001 (2000).

{¶ 2} We indefinitely suspended Cicirella from the practice of law in January 2002 upon finding that she had neglected an entrusted legal matter; had failed to both maintain complete records of client funds coming into her possession and render appropriate accounts thereof; had failed to promptly deliver funds or property to which her client was entitled; had engaged in dishonesty,

fraud, deceit, or misrepresentation, conduct prejudicial to the administration of justice, and conduct adversely reflecting on her fitness to practice law; and had failed to cooperate in the resulting disciplinary investigation. *Cuyahoga Cty. Bar Assn. v. Cicirella*, 94 Ohio St.3d 224, 225, 761 N.E.2d 1046 (2002). And on December 2, 2005, we imposed upon her an attorney-registration suspension. *In re Attorney Registration Suspension of Cicirella*, 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671.

**{¶ 3}** On August 15, 2011, relator, Cleveland Metropolitan Bar Association, filed a complaint alleging that Cicirella had violated numerous Disciplinary Rules and Rules of Professional Conduct by practicing law while her license was under suspension and then failing to respond to relator's investigation of her client's grievance.[1] Although the complaint was served by certified mail at an address provided by Cicirella, she failed to file an answer. Therefore, relator moved for an entry of default.

**{¶ 4}** A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted relator's motion for default. Finding by clear and convincing evidence that Cicirella had committed most of the charged misconduct, the master commissioner recommended that she be permanently disbarred. The board adopted the master commissioner's findings of fact and misconduct as well as his recommended sanction of disbarment. We, in turn, adopt the board's report and permanently disbar Cicirella.

## Misconduct

**{¶ 5}** The board found that although respondent's license to practice law in Ohio has been continuously suspended since September 8, 1999, Cicirella was retained by and drafted living trusts for Helen Hydash and her son, Gary, in 2005.

---

1. Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Disciplinary Rules of the Code of Professional Responsibility.

Cicirella never advised Hydash that she had been suspended from the practice of law. In June 2010, following Gary's death, Hydash retained Cicirella to perform legal services, including the preparation of documents and other work necessary to change the ownership and beneficiary designations on her late son's investment accounts and to transfer the title of his vehicle.

{¶ 6} Cicirella received a $250 retainer but did not return Hydash's calls or complete her legal work. With the assistance of a family member, Hydash completed the tasks herself, but Cicirella did not refund Hydash's retainer or return her original documents.

{¶ 7} Hydash filed a grievance against Cicirella on October 19, 2010, and Cicirella spoke with relator's assistant counsel in January 2011. Cicirella acknowledged receiving a letter of inquiry and later left a voice-mail message advising relator that she would attempt to submit a response by January 24, 2011. Despite relator's efforts to communicate with Cicirella by telephone, as well as by regular and certified mail, Cicirella never submitted a response.

{¶ 8} Based upon these facts, the board found that Cicirella's conduct in 2005 violated DR 1-102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), and 3-101(B) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation in that jurisdiction). The board found that Cicirella's conduct in 2010 violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive), 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in

violation of the regulation of the legal profession in that jurisdiction), 8.1(b) (prohibiting a lawyer from failing to respond to a disciplinary investigation), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation). We concur.

**Sanction**

{¶ 9} In imposing a sanction for attorney misconduct, we consider the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). See *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.

{¶ 10} The record does not contain evidence of any mitigating factors in this case. Aggravating factors, however, include Cicirella's prior disciplinary offenses, her dishonest or selfish motive, her multiple offenses, her failure to cooperate in the disciplinary process, her refusal to acknowledge the wrongful nature of her conduct, and the harm she caused a vulnerable client. Furthermore, she has failed to make restitution. *See* BCGD Proc.Reg. 10(B)(1)(a), (b), (d), (e), (g), (h), and (i).

{¶ 11} Relator recommended that Cicirella be permanently disbarred from the practice of law in Ohio and that she be ordered to pay restitution and return Hydash's file. The board agreed, citing *Disciplinary Counsel v. Frazier*, 110 Ohio St.3d 288, 2006-Ohio-4481, 853 N.E.2d 295, ¶ 54, and *Disciplinary Counsel v. Sabroff*, 123 Ohio St.3d 182, 2009-Ohio-4205, 915 N.E.2d 307, ¶ 21, for the proposition that disbarment is the presumptive sanction for continuing to practice law while under suspension.

**{¶ 12}** We find that disbarment is the appropriate sanction for Cicirella's misconduct because she not only continued to practice law while under suspension, but also took her client's money, failed to carry out the contract of employment, failed to return her client's money or records, and failed to cooperate in the resulting disciplinary investigation.

**{¶ 13}** Accordingly, Leonette F. Cicirella is disbarred in Ohio, and she is further ordered to make restitution of $250 to Helen Hydash and to return Hydash's complete file within 30 days of the date of this order. Costs are taxed to Cicirella.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and McGEE BROWN, JJ., concur.

_____

Benesch, Friedlander, Coplan & Aronoff, L.L.P., David W. Mellott, and Joseph N. Gross, for relator.

_____