COLUMBUS BAR ASSOCIATION *v.* STUBBS.

[Cite as *Columbus Bar Assn. v. Stubbs,* 134 Ohio St.3d 162, 2012-Ohio-5481.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including practicing law in violation of jurisdictional regulations, engaging in conduct that adversely reflects on the lawyer's fitness to practice law, dishonesty, fraud, deceit, or misrepresentation, and failure to cooperate in multiple disciplinary investigations—Permanent disbarment.*

(No. 2012-0316—Submitted April 24, 2012—Decided November 29, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-010.

_____

**Per Curiam**.

{¶ 1} Respondent, SaKeya MonCheree Stubbs of Columbus, Ohio, Attorney Registration No. 0071309, was admitted to the practice of law in Ohio in 1999. On June 21, 2006, we suspended her license for six months, staying the suspension on a condition, and placed her on a one-year monitored probation for falsifying a document in an attempt to convince the Ohio Bureau of Motor Vehicles that she had been properly insured at the time she received a traffic citation. *Columbus Bar Assn. v. Stubbs*, 109 Ohio St.3d 446, 2006-Ohio-2818, 848 N.E.2d 843. In December 2007, and then again in November 2009, we imposed attorney-registration suspensions on Stubbs for her failure to register for the 2007-2009 and 2009-2011 bienniums. *In re Attorney Registration Suspension of Stubbs*, 116 Ohio St.3d 1420, 2007-Ohio-6463, 877 N.E.2d 305; *In re Attorney Registration Suspension of Stubbs*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256. And on February 15, 2011, in a default proceeding, we indefinitely

suspended Stubbs from the practice of law for failure to maintain accurate records of the funds held in her client trust account, failure to promptly deliver funds that a client was entitled to receive, and failure to cooperate in the disciplinary process. *Disciplinary Counsel v. Stubbs*, 128 Ohio St.3d 344, 2011-Ohio-553, 944 N.E.2d 225. That suspension remains in effect.

{¶ 2} On February 14, 2011, relator, Columbus Bar Association, charged Stubbs in a ten-count complaint with numerous violations of the Rules of Professional Conduct. Although the complaint was served on Stubbs by certified mail, she did not file an answer, and relator moved for an entry of default. The Board of Commissioners on Grievances and Discipline appointed a master commissioner, who found that Stubbs had committed some of the charged misconduct and recommended an indefinite suspension, to run consecutively to Stubbs's previous suspension. The board adopted the master commissioner's findings of fact and misconduct but, as a sanction, recommends permanent disbarment. Other than the one exception noted below, we adopt the board's findings of fact and misconduct, and we permanently disbar Stubbs from the practice of law in Ohio.

**Misconduct**

**Count I—Kacey R. Noel Matter**

{¶ 3} Based on the sworn affidavit of grievant Kacey R. Noel, the board found that in early December 2007, Noel, who had been accused of writing bad checks, gave Stubbs a $500 retainer and a $100 gift card to represent her. At that time, Stubbs's first attorney-registration suspension was in effect, and she informed Noel that she needed the retainer to pay her reinstatement fee. Despite Stubbs's attempt to work out an agreement with Noel's creditors, Noel was indicted on December 19, 2007.

{¶ 4} Noel felt that Stubbs had failed to adequately represent her and requested the return of her money and gift card. Stubbs refused, and the two

subsequently exchanged a number of increasingly uncivil voicemail messages. Stubbs then filed a criminal complaint against her client with the Columbus city attorney, and according to Noel, Stubbs provided the city attorney with recordings of Noel's voicemail messages containing client communications to corroborate the allegations. Noel claims that the city attorney initially charged her with telephone harassment, but the charges were later dismissed.

{¶ 5} The master commissioner and board found that Stubbs's conduct violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.5(a) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee), 1.16(d) (requiring a lawyer withdrawing from representation to take steps reasonably practicable to protect a client's interest, including returning all client property to which the client is entitled), 1.6(a) (prohibiting a lawyer from revealing confidential client information without informed consent), 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction),[1] and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). We adopt these findings of fact and of misconduct.

### Count IV—Roland Pschibul Matter

{¶ 6} Based on the sworn affidavit of grievant Roland Pschibul, the board found that in May 2009, Stubbs represented Pschibul's wife in a custody

---

1. In count I of its complaint, as well as in counts VI and VII, relator charged Stubbs with a violation of "Rule 5.5(b) [unauthorized practice of law]." For all three counts, the master commissioner and board determined that Stubbs had engaged in the unauthorized practice of law; however, they determined that her conduct violated Prof.Cond.R. 5.5(a), rather than 5.5(b). From the misconduct described, it is clear that relator meant to cite Prof.Cond.R. 5.5(a). We agree with the master commissioner and board's determination that Stubbs's charged misconduct here—i.e., the unauthorized practice of law—violates Prof.Cond.R. 5.5(a). *See, e.g.*, *Disciplinary Counsel v. Meehan*, 133 Ohio St.3d 51, 2012-Ohio-3894, 975 N.E.2d 972, ¶ 5 (attorney violated Prof.Cond.R. 5.5(a) for practicing while under attorney-registration suspension).

matter regarding his minor daughter. During that representation, Stubbs improperly notarized and filed a falsified affidavit. Specifically, Stubbs filed an affidavit purportedly signed by the minor child, but the child did not sign the document and was not in Stubbs's presence when she notarized it. The master commissioner and board found that Stubbs's conduct violated Prof.Cond.R. 8.4(h), and we agree.

{¶ 7} Although relator's complaint alleged that Stubbs also violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), neither the master commissioner nor the board made any findings with respect to these allegations. Because the board did not address these violations, we dismiss the charges.

### Count VI—Patricia Hall Matter

{¶ 8} Based on the sworn affidavit of grievant Patricia Hall, the board found that on November 10, 2010, Hall paid Stubbs a $285 retainer to represent her in a divorce case. Stubbs, however, never filed the divorce case, and whenever Hall inquired as to the date on which the action would be filed, Stubbs either failed to return her phone calls or gave her a false date. Although Stubbs initially agreed to refund Hall's money, she never returned it. The master commissioner and board found that Stubbs's conduct violated Prof.Cond.R. 1.1, 1.5(a), 1.16(d), and 8.4(h). We agree.

{¶ 9} We disagree, however, with the master commissioner and board's finding that sufficient evidence exists to conclude that Stubbs violated Prof.Cond.R. 5.5(a) for representing Hall while her license was suspended. Stubbs was suspended from the practice of law between November 3, 2009, and March 5, 2010, for failure to register. The master commissioner and board found

4

that Stubbs accepted Hall's retainer during this time period. While Hall's grievance states that she paid Stubbs on "November 10, 2009," relator's complaint and Hall's sworn affidavit state that she hired Stubbs on "November 10, 2010." Accordingly, we find that the sworn evidence in the record does not clearly and convincingly show that Stubbs committed the charged misconduct, and we therefore dismiss the violation. We also dismiss relator's charges for violations of Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client) and 1.4 (requiring a lawyer to reasonably communicate with a client) because the master commissioner and board made no findings with respect to these charges.

## Count VII—Adoption Matter

{¶ 10} Based on the sworn affidavit of grievant Kelly C. Patton, the board found that in October 2009, Stubbs filed an adoption petition on behalf of a prospective parent in the Franklin County Probate Court. The matter was scheduled for a hearing before Magistrate Patton on December 8, 2009. As noted above, Stubbs's license was suspended at that time. Stubbs unsuccessfully attempted to continue the hearing, and on the day of the hearing, her client appeared in court alone. After questioning from the magistrate, the client stated that she was unaware of Stubbs's suspension. Stubbs then appeared and proceeded to counsel her client and a representative from Franklin County Children Services about the need for a continuance due to a factual matter. The magistrate continued the matter until January 2010, at which time the client appeared with new counsel.

{¶ 11} The master commissioner and board found, and we agree, that Stubbs's conduct violated Prof.Cond.R. 1.1, 1.3, 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 5.5(a), 8.4(c), and 8.4(h).

**Count VIII—Reana Allen Matter**

{¶ 12} Based on the sworn affidavit of grievant Reana Allen, the board found that in September 2009, Allen paid Stubbs an initial retainer of $150 to represent her in a divorce action. Stubbs later informed Allen that she had made several court appearances in the case and that the trial was set for March 23, 2010. Stubbs, however, had not scheduled any hearings or otherwise appeared in the case after filing the complaint, and when Allen attempted to reach Stubbs, she did not respond. In addition, Stubbs never informed Allen of her license suspension, and Allen was ultimately forced to obtain new counsel. The master commissioner and board found, and we agree, that Stubbs's conduct violated Prof.Cond.R. 1.1, 1.3, 1.4(a)(3), 1.5(a), 1.16(d), 5.5(a), and 8.4(h).

**Count X—Failure to Cooperate**

{¶ 13} Relator charged Stubbs with failure to cooperate in eight disciplinary investigations. For each investigation, relator submitted sworn testimony demonstrating that it had mailed to Stubbs a copy of each grievance, along with additional letters of inquiry for each grievance. Even though Stubbs signed for most of the letters, she never submitted a written response as requested. In addition, Stubbs signed a receipt accepting relator's notice of deposition and a subpoena requesting documents that were sent by certified mail, but she failed to appear for the deposition and did not respond to the request for production of documents.

{¶ 14} Because Stubbs repeatedly ignored relator's investigative inquiries, we agree with the master commissioner and board that Stubbs's conduct violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

**Remaining Counts**

{¶ 15} Relator did not submit evidence to support Counts II, III, V, and IX of its complaint. We therefore dismiss the allegations in those counts under former Gov.Bar R. V(6)(F)(1)(b), 64 Ohio St.3d XCVII, which requires "[s]worn or certified documentary prima facie evidence" in support of a motion for default.

**Sanction**

{¶ 16} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 17} The board found no mitigating factors in this case but found eight of the nine aggravating factors listed in BCGD Proc.Reg. 10(B)(1), including prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, multiple offenses, lack of cooperation in the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of and resulting harm to the client, and failure to make restitution. *See* BCGD Proc.Reg. 10(B)(1)(a), (b), (c), (d), (e), (g), (h), and (i).

{¶ 18} Relator recommended permanent disbarment. The master commissioner found that because Stubbs's misconduct preceded or overlapped the misconduct for which she was indefinitely suspended in *Disciplinary Counsel v. Stubbs*, 128 Ohio St.3d 344, 2011-Ohio-553, 944 N.E.2d 225, the appropriate sanction was another indefinite suspension, to run consecutively to the previously imposed suspension. Based on the "pervasiveness" of Stubbs's misconduct, the board disagreed and recommends permanent disbarment.

**{¶ 19}** We have previously explained that " '[t]he normal penalty for continuing to practice law while under suspension is disbarment.' " *Disciplinary Counsel v. Sabroff*, 123 Ohio St.3d 182, 2009-Ohio-4205, 915 N.E.2d 307, ¶ 21, quoting *Disciplinary Counsel v. Allison,* 98 Ohio St.3d 322, 2003-Ohio-776, 784 N.E.2d 695, ¶ 12. Moreover, we have held that "accepting legal fees and then failing to carry out the contract for employment is tantamount to theft of client funds and is also cause for disbarment, particularly when coupled with neglect, a history of misconduct, and other disciplinary infractions." *Disciplinary Counsel v. Frazier*, 110 Ohio St.3d 288, 2006-Ohio-4481, 853 N.E.2d 295, ¶ 54, citing *Columbus Bar Assn. v. Moushey*, 104 Ohio St.3d 427, 2004-Ohio-6897, 819 N.E.2d 1112, ¶ 16; *see also Disciplinary Counsel v. Henry*, 127 Ohio St.3d 398, 2010-Ohio-6206, 939 N.E.2d 1255, ¶ 33 ("respondent's pattern of neglect and failure to perform as promised, followed by his failure to return unearned fees and client documents and his complete disregard for the ensuing disciplinary proceedings, warrants his permanent disbarment"); *Cleveland Metro. Bar Assn. v. Cicirella*, 133 Ohio St.3d 448, 2012-Ohio-4300, 979 N.E.2d 244, ¶ 12 (an attorney was permanently disbarred when she "not only continued to practice law while under suspension, but also took her client's money, failed to carry out the contract of employment, failed to return her client's money or records, and failed to cooperate in the resulting disciplinary investigation").

**{¶ 20}** Having considered Stubbs's conduct, the profusion of aggravating factors, the absence of any mitigating factors, and our precedent, we conclude that the appropriate sanction is permanent disbarment. Stubbs's neglect of entrusted client matters, her acceptance of client funds without performing the work, her attempts to practice law while her license was suspended, her failure to inform clients of her license suspension, her dishonesty, her incompetence, and her failure to cooperate in the disciplinary process demonstrate that she is no longer fit to practice law.

{¶ 21} Accordingly, SaKeya MonCheree Stubbs is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to Stubbs.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jeffrey C. Rogers; Yvonne L. Twiss; and Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

_____